IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
– TAMPA DIVISION –

BLAIR REAL ESTATE, LLC.

    Plaintiff,

v.                                        Case No: 8:24-cv-2306

CB2 2020 TAMPA BAY, LLC,
d/b/a CRYSTAL BALLROOM TAMPA,
and LUKASZ ROGOWSKI, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff, BLAIR REAL ESTATE, LLC ("Blair Real Estate"), by and through the undersigned counsel, hereby sues Defendants, CB2 2020 TAMPA BAY, LLC, d/b/a CRYSTAL BALLROOM TAMPA ("Crystal Ballroom"), and LUKASZ ROGOWSKI ("Rogowski"), individually, and states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. At all material times hereto, Blair Real Estate was a limited liability company organized under the laws of Missouri, authorized to do business in Florida. Any and all member(s) of Blair Real Estate are domiciled in Missouri.

2. At all material times hereto, Crystal Ballroom was a limited

liability company organized under the laws of Florida, with its principal place of business at 5707 W. Waters Avenue, Tampa, Florida 33634.

3. At all material times hereto, Rogowski was a citizen over the age of 18. At all material times hereto, Rogowski was conducting business in Hillsborough County, Florida. Upon information and belief, Rogowski is believed to be a citizen currently domiciled in Union County, North Carolina.

4. This Court has personal jurisdiction over Rogowski. Rogowski satisfies Florida's long-arm statute, Section 48.193, Florida Statutes, because he is operating and conducting business in Florida and because he has breached a contract by failing to perform acts required by the contract to be performed in Florida.

5. Upon information and belief, at all material times hereto, Crystal Ballroom had two members, Rogowski, and Jessica Maria Ray, who is domiciled in Hillsborough County, Florida.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest, and attorneys' fees and costs, and the parties have complete diversity. Blair Real Estate is domiciled in Missouri, and all of the Defendants are either domiciled in Florida and/or North Carolina.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as a

substantial part of the events or omissions giving rise to this action occurred within this Court's jurisdiction and the property that is the subject of this litigation is located in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

8. On August 15, 2020, David P. Reckell and Sandra Dr. Reckell, Trustees of the David P. Reckell Revocable Trust dated February 22, 2000 (the "Original Landlord") and Crystal Ballroom entered into a Commercial Lease. The Commercial Lease is attached hereto as Exhibit A.

9. On April 27, 2022, Blair Real Estate assumed the rights of the Original Landlord subject to the legally binding Assignment and Assumption of Lease Agreement dated April 27, 2022. A copy of the Assignment and Assumption of Lease Agreement is attached hereto as Exhibit B.

10. Pursuant to the terms of the Commercial Lease, Crystal Ballroom leased approximately 8,000 square feet of real property having a street address of 5707 W. Waters Avenue, Tampa, Florida 33634 (the "Leased Premises"). Ex. A at p. 3.

11. The Commercial Lease commenced on August 15, 2020, and has a Lease Term of 120 months (ten years), continuing until July 31, 2030. *Id.* at p. 4.

12. Under the terms of the Commercial Lease, the following amounts were stipulated to as Base Rent:

1.25  **Base Rent**: The following stipulated amounts (which do not include Sales Tax, Real Estate Taxes, or CAM Fees, as hereinafter defined):

| Base Rent | | |
|---|---|---|
| Rental Period | Annualized Base Rent | Monthly Base Rent Installment |
| Years 1 & 2: 8/1/20 thru 7/31/22 | $115,800.00 (each year) | $9,650.00 |
| Years 3 & 4: 8/1/22 thru 7/31/24 | $123,600.00 (each year) | $10,300.00 |
| Year 5: 8/1/24 thru 7/31/25 | $127,110.00 | $10,592.50 |
| Year 6: 8/1/25 thru 7/31/26 | $129,498.00 | $10,791.50 |
| Year 7: 8/1/26 thru 7/31/27 | $134,442.00 | $11,203.50 |
| Year 8: 8/1/27 thru 7/31/28 | $138,264.00 | $11,522.00 |
| Year 9: 8/1/28 thru 7/31/29 | $142,242.00 | $11,853.50 |
| Year 10: 8/1/29 thru 7/31/30 | $146,226.00 | $12,185.50 |
| TOTAL BASE RENT | $1,296,582.00 | |

*Id.*

13. The Base Rent is not inclusive of sales tax, real estate taxes, or CAM Fees as defined in the Commercial Lease. Pursuant to the terms, Crystal Ballroom is obligated to pay a total Base Rent of $1,296,582.00. *Id.*

14. In addition to the Base Rent, Crystal Ballroom is required to pay $3,000.00 monthly for common area maintenance ("CAM"), subject to a 3% increase each year. CAM is due to the Landlord on the first day of each month with payment of Base Rent. *Id.*

15. Article 2.4 of the Commercial Lease establishes that once a payment is not received by the 10th day following the due date, a late payment charge of five percent (5%) shall be assessed as additional rent, in addition to the amount owed. Ex. A at p. 6.

16. Crystal Ballroom has failed to comply with the payment terms of the Commercial Lease and has been in default since at least July of 2022.

17. Despite formal written demands for payment in compliance with the terms of the Commercial Lease, Crystal Ballroom has failed to cure the default.

18. When Blair Real Estate assumed the Lease in 2022, Base Rent in the amount of $1,093,932.00, excluding CAM payments, remained to be paid under the terms of the Commercial Lease.

19. Since then, Crystal Ballroom has paid $229,942.00, during which time, $297,335.00 was due for Base Rent under the terms of the Lease, not including the 5% late fee penalty.

20. Currently, approximately $863,990.00, exclusive of penalties and CAM payments, remains payable as Base Rent under the Commercial Lease.

21. Since May 1, 2022, Crystal Ballroom has failed to issue CAM payments in the amount of $76,966.02. Under the terms of the Commercial Lease, CAM payments in the amount of $348,889.60 (including the outstanding $76,966.02) remain.

22. Further, under Article 23 of the Commercial Lease, "Outstanding Rent" in the amount of $120,204.87 was due by August 1, 2021. At the time of the Assumption, the Outstanding Rent also remained unpaid and is still outstanding. *Id.* at p. 31.

23. Article 10 of the Commercial Lease establishes Lien rights of Blair Real Estate. Specifically, Article 10.1 states that Crystal Ballroom hereby

grants Blair Real Estate:

> [A] continuing security interest for all rentals and other sums of money and due hereunder from [Crystal Ballroom], upon all goods, wares, equipment, fixtures, furniture, inventory, accounts, contract rights, chattel paper and other personal property of [Crystal Ballroom] situated on the Leased Premises, and such property shall not be removed therefrom […] until all arrearages in rent as well as any and all other sums of money then due […] have been paid and discharged.

*Id.* at p. 16.

24. Article 11 of the Commercial Lease defines and establishes the terms for "Default and Remedies." *Id.* at 17.

25. Article 11.1 states that failure to pay an installment of Base Rent or any additional rent, CAME or any other payment required pursuant to the Commercial Lease shall be deemed an event of default by Crystal Ballroom. *Id.*

26. Article 11.2 of the Commercial Lease lists the available remedies for Blair Real Estate in the event of Crystal Ballroom's default, in addition to any other rights or remedies available under the Commercial Lease and laws of the State of Florida. *Id.* at p. 17-20.

27. Of the enumerated remedies, Article 11.2(1) states that upon Crystal Ballroom's default, Blair Real Estate may elect to declare the entire Rent due for the balance of the term payable immediately. *Id.* at p. 17.

28. Further, upon default, Blair Real Estate "shall have the immediate right to re-enter the Leased Premises and may remove all persons and property from the Leased Premises and such property may be removed and stored in a public warehouse or elsewhere at the cost of, and for account of [Crystal Ballroom], all without service of notice or resort to legal process." *Id.* at p. 18.

29. Blair Real Estate may also "treat the default as an anticipatory breach of [the Commercial Lease] and, in addition to retaking possession, may bring an action immediately for all damages resulting therefrom." *Id.* at p. 19.

30. Under the terms of the Commercial Lease, "[u]pon an event of default arising from [Crystal Ballroom's] failure to pay Rent, or any amount due hereunder, all sums past due shall bear interest at the highest legal rate of interest permitted under the laws of the State of Florida." *Id.*

31. Blair Real Estate is permitted to exercise the cumulative rights, privileges, elections and remedies at any time and "from time to time singularly or in combination." *Id.*

32. As required by the Commercial Lease, on September 8, 2020, Rogowski executed a Personal Guarantee of Lease (the "Guaranty") which is attached to the Commercial Lease as Exhibit C.

33. Under the terms of the Guaranty, Rogowski unconditionally guaranteed:

> [T]he due and punctual payment of all Rent, both Basic and

>additional rent, if any (as defined the Lease), and all other sums due (including interest and penalties) and to be paid by [Crystal Ballroom] pursuant to the Lease and the performance by [Crystal Ballroom] of all the terms, conditions, covenants and agreements of the Lease, and Guarantor agrees to pay all of [Blair Real Estate's] costs, expenses and reasonable attorney's fees incurred in enforcing the covenants and agreements of [Crystal Ballroom] in the Lease or incurred by [Blair Real Estate] in enforcing this guarantee.

Ex. A at p. 36.

34. All conditions precedent to bringing this action have been satisfied, performed, or waived.

35. Blair Real Estate's damages from the breach of the Commercial Lease are well in excess of $1,000,000.00.

36. Blair Real Estate has been forced to retain the undersigned law firm to enforce its rights and remedies under the Commercial Lease. Crystal Ballroom and Rogowski are liable to Blair Real Estate for payment of attorney's fees and costs incurred in pursuing its rights under the Commercial Lease.

## **COUNT I – BREACH OF LEASE AGREEMENT- CRYSTAL BALLROOM**

37. Blair Real Estate repeats and re-alleges the allegations set forth in paragraphs 1-36 above as if fully set forth herein.

38. This is an action for damages by Blair Real Estate against Crystal Ballroom for breach of the Commercial Lease.

39. Crystal Ballroom has breached the Commercial Lease by failing to pay to Blair Real Estate Base Rent, additional rent, CAM, and other payments required pursuant to the terms of the Commercial Lease.

40. Crystal Ballroom has failed to cure the breaches of the Commercial Lease and as a result Blair Real Estate has incurred and continues to incur damages.

41. Pursuant to the terms of the Commercial Lease, Blair Real Estate is entitled to the entirety of all rents due for the term of the Commercial Lease, payable immediately.

WHEREFORE, Plaintiff, Blair Real Estate, demands judgment against Defendant, Crystal Ballroom, for damages, costs, interest, prejudgment and post-judgment interest, attorney's fees and costs, and all such other relief as this Court deems just and proper.

### **COUNT II – BREACH OF GUARANTY – ROGOWSKI**

42. Blair Real Estate repeats and re-alleges the allegations set forth in paragraphs 1-41 above as if fully set forth herein.

43. This is an action for damages by Blair Real Estate for Rogowski's breach of the Guaranty, incorporated as part of the Commercial Lease.

44. Blair Real Estate and Crystal Ballroom are parties to the Commercial Lease.

45. Blair Real Estate and Rogowski are parties to the Guaranty, by

which Rogowski has guaranteed the obligations of Crystal Ballroom pursuant to the terms of the Commercial Lease.

46. Crystal Ballroom has breached the Commercial Lease as alleged herein by failing to pay to Blair Real Estate Base Rent, additional rent, CAM, and other payments required pursuant to the terms of the Commercial Lease.

47. Pursuant to the terms of the Commercial Lease, Blair Real Estate is entitled to the entirety of all rents and payments due for the term of the Commercial Lease, payable immediately.

48. Rogowski has breached the Guaranty by failing to perform Crystal Ballroom's obligations as required by the Guaranty.

49. As a result of Rogowski's breaches, Blair Real Estate has incurred and continues to incur damages.

50. Blair Real Estate is entitled to payment from Rogowski the entirety of all rents and payments due for the term of the Commercial Lease, payable immediately.

WHEREFORE, Plaintiff, Blair Real Estate, demands judgment against Defendant, Rogowski, for damages, costs, interest, prejudgment and post-judgment interest, attorney's fees and costs, and all such other relief as this Court deems just and proper.

Dated: October 2, 2024						Respectfully submitted,

By: /s/ *Victoria M. McLaughlin*
Victoria McLaughlin, Esq.
Florida Bar No.: 1008106
SPENCER FANE LLP
201 North Franklin Street, Suite 2150
Tampa, Florida 33602
Tel:  (813) 424-3500
Facsimile:  (813) 405-8904
vmclaughlin@spencerfane.com
ecoutu@spencerfane.com
*Attorneys for Plaintiff*

SPR 18879240.1