UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BLAIR REAL ESTATE, LLC,**

    **Plaintiff,**

v.                                       **Case No. 8:24-cv-2306-MSS-AAS**

**LUKASZ ROGOWSKI, et al.,**

    **Defendants.**
_____/

## ORDER

Defendant Lukasz Rogowski moves to vacate a clerk's default entered against him on February 5, 2025. (Doc. 18). Plaintiff Blair Real Estate, LLC, opposes the motion. (Doc. 19).

Rule 55(c) of the Federal Rules of Civil Procedure provides that the "Court may set aside an entry of default for good cause . . .." According to the Eleventh Circuit,

> "'Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one-but not so elastic as to be devoid of substance." *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989). We recognize that "good cause" is not susceptible to a precise formula, but some general guidelines are commonly applied. *Id.* Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. [*Commercial Bank of Kuwait v.] Rafidain Bank*, 15 F.3d [238] at 243 [(2d Cir. 1994)]; *see also Robinson v. United States*, 734 F.2d 735, 739 (11th Cir. 1984). We note, however, that these factors are not "talismanic," and that courts have examined other factors including whether the public interest was implicated, whether

1

> there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default. *E.g., Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992). "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Id.* However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief. *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 194–95 (6th Cir. 1986).

*Compania Interamericana Export–Import, S.A. v. Compania Dominicana*, 88 F.3d 948, 951–52 (11th Cir.1996).

"Sometime in October of 2024, [Mr. Rogowski] learned there was a lawsuit against [him]." (Doc. 18, p. 11). On October 23, 2024, Mr. Rogowski sent a letter via certified mail to the courthouse addressing the allegations in the complaint. (*Id.*, pp. 11, 18). Mr. Rogowski believed the letter sufficed as his answer to the complaint. (*Id.*, p. 11). On February 20, 2025, counsel for Blair Real Estate notified Mr. Rogowski of the clerk's default entered against him. (*Id.*). Upon becoming aware of the clerk's default, Mr. Rogowski retained counsel who filed this motion and responded in opposition to Blair Real Estate's motion for default judgment. (Doc. 18).

Blair Real Estate argues Mr. Rogowski willfully ignored these proceedings and fails to show good cause to set aside the clerk's default. (Doc. 19). Before being notified of the clerk's default entered against him, Mr. Rogowski believed he properly filed an answer to the complaint. (Doc. 18, pp.

11, 12). Once he learned of the clerk's default, he obtained counsel to ensure compliance with the requirements of defending this action. (*Id.*). The court finds that the clerk's default entered against Mr. Rogowski is due to be vacated under Rule 55(c) for good cause shown.

Accordingly, Mr. Rogowski's motion to vacate clerk's default (Doc. 18) is **GRANTED**. By **April 28, 2025**, Mr. Rogowski must respond to Blair Real Estate's complaint. Blair Real Estate's motion for default judgment against Mr. Rogowski (Doc. 17) is now rendered moot.

**ORDERED** in Tampa, Florida, on April 10, 2025.

_____
AMANDA ARNOLD SANSONE
United States Magistrate Judge